UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHIEFTAIN INTERNATIONAL (U.S.) INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-1346 |
| DENNY OFFSHORE EXPLORATION, INC., ET AL | SECTION "N"  (2) |

**ORDER AND REASONS**

Presently before the Court are Defendant Southeast Offshore, Inc.'s Motion to Strike (Rec. Doc. No. 110) and Plaintiffs' Motion for Leave to Amend Complaint (Rec. Doc. No. 112). Both motions relate to a dispute as to whether the issue of the validity of Defendant Southeast Offshore, Inc.'s assignments of its interests in South Pass Block 37 is properly before the Court in this action.

Regarding this issue, Plaintiffs' Complaint alleges a breach of contract claim against Defendants Southeast Offshore, Inc., and South Pass Properties, Inc., for failure to pay joint operating expenses incurred by Plaintiffs as the successive operators of leases covering South Pass Block 37 (SP 37 N/2 and SP 37 S/2).  Answering, Defendant Southeast Offshore, Inc., asserted, among other things, a defense to non-payment based on its assignment of its interests to Defendant South Pass Properties, Inc.  In response, Plaintiffs urged, in motion practice, Defendant Southeast Offshore, Inc.'s solidary liability, notwithstanding the assignments, as well as the invalidity of the assignments

under applicable operating agreements.[1]

Significantly, Plaintiffs have confirmed that they do not seek to recover *additional* damages based on Defendant Southeast Offshore Inc.'s alleged breach of the assignment provisions of the operating agreements applicable to SP 37 N/2 and SP 37 S/2. *See* Plaintiffs' Opposition to Southeast Offshore's Motion to Strike at pages 4-9. To the contrary, the damages would be the same as those sought on the basis of the Court's solidary liability ruling. *Id.*

Considering this statement of damages, and the parties' pleading of their positions in the Complaint and Answers, the Court agrees with Plaintiffs that their assertions of solidary liability and the invalidity of the assignments are simply alternative responses to Defendant Southeast Offshore, Inc.'s assignment defenses, rather than separate and distinct breach of contract claims. Further, given that the Court has ruled in Plaintiffs' favor on the issue of Defendant Southeast Offshore, Inc.'s solidary liability, it is unnecessary for the Court to address, at this time, the validity of Defendant Southeast Offshore, Inc.'s assignments. Rather, the Court will render final judgment following resolution of the remaining disputed issues relative to damages, interest, attorney's fees and costs.[2] In the event that the Court's ruling on the issue of solidary liability is reversed on appeal, and the action remanded, the Court, at that time, will determine, following any necessary additional

---

[1] Following oral argument, the Court granted Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. No. 32) with respect to the issue of the amount of debt for billings received by Defendants prior to January 1, 2001, and with respect to the solidary liability of Defendants for sums due as a result of post-January 1, 2001 billings. The motion was denied with respect to the remaining issues as to the amount of debt and the alleged breach of contract. *See* August 4, 2004 Minute Entry (Rec. Doc. No. 45).

[2] Given that the Court will not determine this issue at trial, the parties will not be allowed to introduce evidence or offer argument that is relevant to only this issue.

discovery, the validity of Defendant Southeast Offshore, Inc.'s assignments.[3] The Court finds that proceeding in this manner will allow the parties to maintain the October 1, 2007 trial date, avoid unnecessary litigation, and ensure that Defendant Southeast Offshore, Inc. is not prejudiced in its efforts to respond to Plaintiffs' attack on the validity of its assignments.

Considering the foregoing, **IT IS ORDERED** that Defendant Southeast Offshore, Inc.'s Motion to Strike (Rec. Doc. No. 110) and Plaintiffs' Motion for Leave to Amend Complaint (Rec. Doc. No. 112) are **DENIED** as **MOOT**. **IT IS FURTHER ORDERED** that the parties shall continue with their preparation for the trial commencing on October 1, 2007, including the submission of an updated pre-trial order on or before Tuesday, September 18, 2007, at 5:00 p.m.

New Orleans, Louisiana, this  14th  day of September 2007.

                                                                                              _____
                                                                                            **KURT D. ENGELHARDT**
                                                                                            **UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that Plaintiffs have withdrawn their contention that Defendant Southeast Offshore, Inc.'s assignment of the SP 37 S/2 interest violated the "financially responsible party" assignment provision contained in the applicable operating agreement. *See* Plaintiffs' Opposition to Southeast Offshore Inc.'s Motion to Strike at p.1 n.1.